USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY :
DISTRICT COUNCIL OF CARPENTERS :
PENSION FUND, WELFARE FUND, :
ANNUITY FUND, AND APPRENTICESHIP, : 1:18-cv-5074-GHW
JOURNEYMAN RETRAINING, :
EDUCATIONAL AND INDUSTRY FUND, *et al.*, : MEMORANDUM OPINION
: AND ORDER
Petitioners, :
:
-against- :
:
M&B BUILDERS GROUP INC., :
:
Respondent. :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

  The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; the Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and Vicinity Carpenters Labor-Management Corporation (together, the "Funds"); and the New York City District Council of Carpenters (the "Union", and collectively with the Funds, the "Petitioners"), seek to confirm an arbitration award obtained against M&B Builders Group, Inc. ("M&B Builders" or "Respondent") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the reasons that follow, the award is confirmed.

**I. BACKGROUND**

  On November 9, 2016, M&B Builders executed a collective bargaining agreement ("the Agreement") with the Union. Pet'rs' Rule 56.1 Stmt. (ECF No. 13) ¶ 6; Decl. of William Davidian (ECF No. 11) ("Davidian Decl.") ¶ 8; Ex. A to Davidian Decl. ("Ind. Bldg. Constr. Agmt."). Under the Agreement, M&B Builders is required to pay hourly benefit contributions to the Funds at certain specified rates for all employees covered by the Agreement. Ind. Bldg. Constr. Agmt., art. XV. The

Agreement also requires M&B Builders to furnish its books and payroll records when requested by the Funds for auditing purposes to ensure that M&B Builders has complied with its benefit contribution obligations. Ind. Bldg. Constr. Agmt., art. XV § 1. This case arises from M&B Builders' failure to remit contributions to the Funds for the period of November 9, 2016 through July 25, 2017, as the Agreement requires.

The Agreement includes an arbitration provision, binding both parties in the event dispute resolution is necessary. The Agreement provides that "[s]hould any dispute or disagreement arise between the parties hereto, or between the Union and any employer-member signatory hereto, concerning any claim arising from payments to the Fund[s] of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder . . . ." Ind. Bldg. Constr. Agmt. art. XV, § 7. The Agreement also provides that "[t]he arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages" and that "[t]he arbitrator's award . . . shall be final and binding upon the parties hereto and the individual Employer, if any, and shall be wholly enforceable in any court of competent jurisdiction." *Id.* The Agreement instructs that "[t]he cost of the arbitration, including the fees to be paid to the arbitrator, shall be included in the award and shall be borne by the losing party." *Id.*

The Agreement has an evergreen provision which dictates that the contract

> shall be renewed automatically for one year intervals thereafter unless notice to the other at their last known address has been provided by either party by certified and regular mail no more than ninety (90) days nor no less than sixty (60) days before the contract expiration that such party seeks to negotiate a new contract or modify or amend this Agreement through negotiations.

*Id.* at art. XIX. Neither M&B Builders nor the Petitioners sent such a notification to the other. *See* Nov. 1, 2018 Dickerson Letter (ECF No. 26) ("Dickerson Letter") at 1; *see also* Decl. of Brian Spencer. (ECF No. 28) ("Spencer Decl.") ¶ 6. Consequently, during the time period at issue here—

2

November 9, 2017 to July 25, 2017—M&B Builders was bound by the Agreement.[1] Pet'rs' Rule 56.1 Stmt., ¶¶ 6–12; Davidian Decl. ¶¶ 8–14; Ind. Bldg. Constr. Agmt.

Pursuant to the Agreement, the Funds conducted an audit of M&B Builders' payroll records and determined that the M&B Builders had failed to comply with its contribution requirements for the period of November 9, 2016 through July 25, 2017. Pet'rs' Rule 56.1 Stmt. ¶¶ 18–19; Davidian Decl. ¶¶ 20–21; Ex. H to Davidian Decl. ("Payroll Records"); Ex. I to Davidian Decl. ("Delinquency Contributions Report"). The Funds calculated that M&B Builders owed $64,621.66 in unpaid contributions. Pet'rs' Rule 56.1 Stmt. ¶ 19; Davidian Decl. ¶ 21, Delinquency Contributions Report.

After M&B Builders failed to remit the unpaid amount, the Funds initiated arbitration pursuant to the Agreement. Pet'rs' Rule 56.1 Stmt. ¶ 20; Davidian Decl. ¶¶ 22–23. After providing notice to both parties the Arbitrator, Roger Maher, held a hearing on February 13, 2018. Pet'rs' Rule 56.1 Stmt. ¶¶ 21–22; Davidian Decl. ¶¶ 24–25; Ex. J to Davidian Decl. ("Notice of Hearing"). At the hearing, Petitioners appeared through counsel and submitted testimony and other evidence in support of their claims. Ex. I to Davidian Decl. ("Award") at 2. No representative appeared at the hearing on behalf of M&B Builders. *Id.* at 1–2. Because Petitioners provided proof that M&B

---

[1] On January 16, 2017, M&B Builders joined the Building Contractors Association, Inc. (the "BCA"). Pet'rs' Rule 56.1 Stmt. ¶ 7; Davidian Decl., ¶ 9; Ex. B to Davidian Decl. ("BCA Membership Email"). As a member of the BCA, M&B Builders was additionally bound to the collective bargaining agreement between the Union and BCA (the "Collective Bargaining Agreement"). Pet'rs' Rule 56.1 Stmt. ¶ 8; Davidian Decl., ¶ 10; BCA Membership Email; Ex. C to Davidian Decl. ("Coll. Barg. Agmt."). The two agreements contain substantively identical contribution and arbitration clauses. On October 15, 2018, the Court requested supplemental briefing from Petitioners regarding the interaction between the two contracts and the basis for the Arbitrator's authority to issue an award for the entire period of November 9, 2016 through July 25, 2017. (ECF No. 21). On November 1, 2018, Petitioners submitted a letter to the Court and appeared before the Court the following day. (ECF Nos. 26, 29). During the hearing, counsel for Petitioners argued that the Arbitrator was within his jurisdiction to award fees because, although both agreements were in effect for a portion of the time period at issue, the November 9, 2016 Agreement, on its own, bound Respondents to the contribution requirements for the entire time period given that the Agreement was never terminated. A district court is required to enforce an arbitration award if there is "even a barely colorable justification for the outcome reached." *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978). Because that proffer from Plaintiffs' counsel is uncontested, and it is a colorable explanation of the Arbitrator's jurisdiction under the Agreement standing alone, the Court need not determine whether the Arbitrator had jurisdiction to issue the Award under the terms of the subsequent collective bargaining agreement between Respondent and the Union.

3

Builders had legally sufficient notice of the hearing and the claims against it, the Arbitrator held M&B Builders in default and proceeded in its absence. Award at 1–2.

On February 21, the Arbitrator issued his award, finding that the "uncontroverted testimony and evidence" established that M&B Builders was bound to the Agreement with the Union from November 9, 2016 onward, and was thus obligated to make payments to the Funds in accordance with its terms. *Id.* at 2. The Arbitrator determined that, based on the "substantial and credible evidence of the case as a whole," M&B Builders had violated the terms of the Agreement and owed the Funds $64,621.66 in estimated principal benefit contributions; $3,548.70 in interest; $12,924.33 in liquidated damages; $117.75 in late payment interest; $115.60 in payments to the promotional fund; $400.00 in "court costs;" $1,500 in attorneys' fees; and $500 for the Arbitrator's fee, for a total award of $83,728.04. *Id.* at 2–3. The Arbitrator also awarded interest, to accrue at the rate of 5.75% from the date of issuance of the award. *Id.* at 3.

On June 7, 2018, Petitioners commenced this confirmation action, asserting that M&B Builders had not satisfied any portion of the arbitral award. Pet. to Conf. Arb. Award (ECF No. 1) ("Petition"). The Court directed Petitioners to file any declarations and affidavits with which it intended to support its petition by July 9, 2018 and directed M&B Builders to file any opposition by July 23, 2018. ECF No. 8. Petitioners filed their motion for summary judgment and supporting documents on July 9, 2018. ECF Nos. 10–13. M&B Builders failed to file an opposition, even after the Court granted an extension of its deadline to respond to August 3, 2018. ECF No. 18.

Petitioners served their petition and summons on M&B Builders on June 13, 2018. ECF No. 9. They also served their summary judgment materials on July 9, 2018, ECF No. 14, and the Court's scheduling orders on July 30, 2018. ECF. Nos. 16, 19. Despite being properly served with the petition and summons, Petitioners' motion for summary judgment, and the Court's orders establishing and extending deadlines for opposing that motion, M&B Builders has not appeared in this action.

4

## II. DISCUSSION

### A. The Arbitration Award

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11-cv-04421, 2012 WL 2179118 (ENV) (RLM), at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

The Court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute." *Id.* at 537. Instead, the Court's task is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) ("Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." (internal citations omitted)); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991)

5

("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the Arbitrator's award was procured through fraud or dishonesty or that the Arbitrator was acting in disregard of the Agreement or outside the scope of his broad authority to resolve any dispute between the parties regarding contributions. Rather, the record indicates that the Arbitrator based his award on undisputed evidence that the Funds conducted an audit in accordance with the terms of the Agreement and that M&B Builders failed to remit payments to the Funds for work it had completed, as required by the contract terms. The record further indicates that the Arbitrator based his principal award and his award of interest, liquidated damages, and various costs on the contract provisions and undisputed testimony. Accordingly, Petitioners' motion is granted and the award is confirmed.

**B. Post-award Prejudgment Interest**

Petitioners have also requested that the Court award prejudgment interest at the rate of 5.75%—the post-award rate prescribed by the Arbitrator—for the period between the date of the award and the date of judgment in this action. Petition ¶ 23. The Second Circuit has noted that in the context of actions to confirm arbitral awards there is "a presumption in favor of prejudgment

interest." *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). Accordingly, district courts in this Circuit "have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Serv. Emp's Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases). Moreover, the Arbitrator has already awarded this interest. Award at 3. Accordingly, the prejudgment interest rate of 5.75% will be encompassed within the Court's confirmation of the Arbitrator's award.

### C. Attorneys' Fees and Costs

Petitioners also request $4,557.50 in attorneys' fees and $409.85 in costs arising from this confirmation action.[2] Decl. of Paige Davis (ECF No. 12) ("Davis Decl.") ¶¶ 8–9; Ex. L to Davis Decl. ("Invoice"). Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). Section 301 of the LMRA does not provide for the recovery of attorneys' fees. *Id.* However, "[p]ursuant to its inherent equitable powers . . . a court may award attorney's fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich Co. v. United States ex rel.*

---

[2] Counsel for Petitioners have not requested additional attorney's fees in connection with the supplemental briefing requested by the Court when it found the initially submitted information insufficient. Therefore, the Court declines to increase the attorney's fees award beyond what was requested in Plaintiff's initial petition. Even if counsel for Petitioners did submit a request for increased fees, "a trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks[;] . . . such decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation." *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983). If the Court finds "that some of the time was not reasonably necessary . . . it should reduce the time for which compensation is awarded accordingly." *Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012). Here, the Court is unlikely to find the additional hours to be reasonable, given the duplicative nature of the work. *See, e.g., Trustees of the Local 7 Tile Indus. Welfare Fund v. EAQ Constr. Corp.*, No. 14-cv-4097 (SJ)(CLP), 2016 WL 4540306, at *15 (E.D.N.Y. Aug. 12, 2016), report and recommendation adopted, No. 14-cv-4097 (SJ)(CLP), 2016 WL 4536866 (E.D.N.Y. Aug. 30, 2016) (reducing the number of billed hours in an attorney's fee award when counsel's work was highly duplicative and only remedied the insufficiency of counsel's initial submission, explaining that "a client should not be billed both for the insufficient work performed by their attorney and the subsequent work that was required to remedy counsel's initial inadequate efforts").

*Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of confirmation proceedings, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *BASF Wyandotte Corp.*, 774 F.2d at 47 (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (2d Cir. 1982)).

Here, an award of fees and costs is justified. By entering into the Agreement, M&B Builders agreed to submit to arbitration of disputes at the option of either party. M&B Builders failed to participate in the arbitration proceeding, despite having been duly notified of the hearing. Following the arbitrator's decision that M&B Builders violated its obligations under the collective bargaining agreement, M&B Builders failed to satisfy any portion of the award and has subsequently failed to even appear in this action, let alone oppose the instant petition to confirm the award. In doing so, M&B Builders has failed to offer any justification for its refusal to abide by the decision of the Arbitrator. *See N.Y. City Dist. Council of Carpenters Pension Fund v. Eastern Millenium Const., Inc.,* No. 03-cv-5122 (DAB), 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003) (awarding fees and costs where defendant "chose not to participate in the arbitration proceedings or even to oppose Plaintiffs' application for confirmation of the arbitration award"); *N.Y. City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11-cv-7074 (HB), 2012 WL 4492384, at *4 (S.D.N.Y. Sept. 28, 2012) (awarding attorneys' fees and finding that respondent's "inaction in the arbitration hearings and in the present action . . . constitutes bad faith"). Moreover, the Agreement allows the Funds to recover reasonable attorneys' fees and court costs upon prevailing in a confirmation action. Ind. Bldg. Constr. Agmt., art. XV, § 6. Therefore, allowing the Funds to recover reasonable attorneys' fees and costs in the current action aligns with the parties' contractual expectations. Finally, an award of attorneys' fees will further the federal policy in favor of settling labor disputes by arbitration. *Niagara Mohawk Power Corp.*, 196 F.3d at 124.

### a. Reasonableness of Attorneys' Fees

In determining appropriate attorneys' fees, district courts use the "lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Trs. of the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund v. Stevenson Contracting Corp.*, No. 05-cv-5546 (GBD)(DF), 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) (alteration in original) (citations omitted). "When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, the court has discretion to reduce the rate." *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. and Indus. Fund v. Mountaintop Cabinet Mfr. Corp.*, No. 11-cv-8075 (JMF), 2012 WL 3756279, at *5 (S.D.N.Y. August 29, 2012) (citations omitted).

In support of their request for fees and costs, Petitioners submitted an invoice listing the completed tasks, attorneys' hourly rates, and billed hours, as well as their costs. Invoice. In total, Petitioners incurred 17.20 hours of legal work at the rates of $350/hour for "of counsel" attorneys $275/hour for associate attorneys, and $120/hour for legal assistants. Davis Decl. ¶¶ 4–6, Invoice at 1–3. Two attorneys from Virginia & Ambinder ("V&A") worked on this case: Todd Dickerson and Paige Davis. Dickerson, of counsel at V&A and a 2013 law school graduate, regularly represents multiemployer benefit plans in ERISA litigation and seeks a fee of $350 per hour for 0.8 hours worked. Davis Decl., ¶ 5; Invoice at 1–3. Ms. Davis graduated from law school in 2016, primarily practices ERISA litigation, and seeks a fee of $275 per hour for 14.9 hours of work. Davis Decl., ¶ 4; Invoice at 1–3. V&A seeks a fee of $120/hour for 1.5 hours worked by a legal assistant. Davis Decl., ¶ 6; Invoice at 2–3.

9

Petitioners represent that these rates "are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services." Davis Decl., ¶ 7. The Court, however, concludes that the proposed rates are not wholly reasonable in light of the rates prevailing in this District.

Regarding Mr. Dickerson, the Court cannot approve the proposed rate of $350 per hour. Mr. Dickerson is an attorney who has been practicing law for four years, and has obtained the title "Of Counsel." Davis Decl., ¶ 5. Other courts in this District have recently determined that fees ranging from $225 to $300 per hour are appropriate for Mr. Dickerson, and that the "Of Counsel" title does not warrant an increase to that amount. *See, e.g., Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. AMP&G Constr., LLC,* No. 17-cv-4729, 2018 WL 1883450 (DAB), at *5 (S.D.N.Y. March 29, 2018) (awarding attorneys' fees for Mr. Dickerson at a reduced rate of $225 per hour given the length of his experience); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Golden Dev. and Constr. Corp.*, No. 17-cv-1051 (JLC), 2017 WL 2876644, at *5 (S.D.N.Y. July 6, 2017) (reducing Mr. Dickerson's fees to $225 per hour from $300 because "Petitioners have not demonstrated that the title alone qualifies him to earn more than he normally would based on how long he has been practicing."); *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. DV I, LLC*, No. 17-cv-7367 (PAE), 2018 WL 461244, at *5–6 (S.D.N.Y. 2018) (granting Mr. Dickerson's request of $300 per hour because he served as the lead attorney in the matter); *but see Trs. Of N.Y. Dist. Council of Carpenters Pension Fund v. Visual Acoustics, LLC*, No. 18-cv-4393 (JGK), 2018 WL 3187351 (S.D.N.Y. 2018) (awarding Mr. Dickerson his requested attorneys' fee rate of $350 per hour). In another ERISA case decided just a few months ago, Mr. Dickerson requested $350 per hour, as he did here. *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Metroplex Service Group, Inc.*, No. 18-cv-5889 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. August 30, 2018). In that case, Judge Engelmayer determined that a reduced rate of $300 was a reasonable fee for an attorney with Mr. Dickerson's experience. *Id.* ("The Court

10

continues to believe that $300 is an appropriate rate for Mr. Dickerson, and therefore awards him at that rate").

Here, Petitioners have not demonstrated that the title "Of Counsel" qualifies Mr. Dickerson to earn more than he normally would based on the prevailing rates in this District. Given Mr. Dickerson's role as the supervising attorney on this matter, the Court grants a rate of $300 per hour for his work.

Similar reasoning applies to Ms. Davis's fee. In *Metroplex*, Ms. Davis's requested hourly rate of $275 was reduced because $225 "represents the upper bound of prevailing rates in this District for junior associates such as Ms. Davis." *Metroplex Service Group, Inc.*, 2018 WL 4141034, at *5. Other judges in this District have also found that $225.00 per hour is reasonable for junior associates performing similar work. *See, e.g., AMP&G Constr.*, 2018 WL 1883450, at *4; *N.Y. City Dist. Council of Carpenters v. Reilly Partitions, Inc.*, No. 18-cv-1211 (JGK), 2018 WL 2417849, at *3 (S.D.N.Y. May 29, 2018); *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. and Indus. Fund v. Regal USA Constr. Inc.*, No. 17-cv-4594 (AJN), 2018 WL 401515, at *3 (S.D.N.Y. January 12, 2018). This Court agrees and awards a rate of $225 per hour for Ms. Davis.

The Court finds that the requested rate of $120 per hour for 1.5 hours of work performed by legal assistants is reasonable. Adding that figure to the modified hourly rate of $300 across 0.8 hours of work performed by Mr. Dickerson and $225 for 14.9 hours of work performed by Ms. Davis, the total attorneys' fee award is $3,772.50.

Petitioners' costs consist of the court filing and process server fees amounting to $409.85: $400 for a "Court Fee" and $9.85 for a "Postage" fee. Invoice at 4. The $400 Court fee, however, was already been awarded to Petitioner by the Arbitrator. Award at 2–3; *see also Trs. of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. and Indus. Fund, Charity Fund v. Dedicated Indus. LLC*, No. 14-cv-7610 (RA), 2015 WL 4503695, at *5

(S.D.N.Y. July 23, 2015) ("'[T]he Court finds that Petitioners' request for attorney's fees and costs is reasonable in the circumstances, except costs in the amount of $400" because this amount "represent[s] court filing fees that were already accounted for in Arbitrator Maher's Award."). Accordingly, the Court grants to Petitioners costs of $9.85, which, when added to the attorneys' fee award, amounts to $3,782.35.

### III. CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment in favor of Petitioners and against M&B Builders in the amount of $87,510.39—which consists of the arbitration award of $83,728.04 plus $3,782.35 in attorneys' fees and costs incurred in the instant action—plus prejudgment interest on the arbitration award at the rate of 5.75% per annum from the date of the award (February 21, 2018) to the date of judgment. Post-judgment interest will accrue pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: November 17, 2018
New York, New York

GREGORY H. WOODS
United States District Judge